## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 15 2016, 9:23 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Christopher J. Hammerle
Jacob, Hammerle & Johnson
Zionsville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy Reno, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 15, 2016 <br><br> Court of Appeals Case No. <br> 06A01-1507-CR-879 <br><br> Appeal from the Boone Superior Court <br><br> The Honorable Matthew C. Kincaid, Judge <br><br> Trial Court Cause No. <br> 06D01-1308-FA-306 |

**Pyle, Judge.**

# Statement of the Case

Timothy Reno ("Reno") appeals his conviction for Class C felony child molesting.[1] He argues that there is insufficient evidence to support his conviction because the State failed to prove: (1) that the conduct occurred during the time period alleged in the charging information; (2) Reno's identity as the perpetrator of the crime; and (3) Reno's intent to arouse or satisfy his sexual desires or those of the victim. Finding sufficient evidence of time, identity, and intent, we affirm Reno's conviction.

# Issue

Whether there is sufficient evidence to support Reno's conviction for Class C felony child molesting.

# Facts

The facts most favorable to the conviction reveal that E.S. was born in May, 2001. In 2009 and 2010, E.S.'s grandparents lived in an apartment in Zionsville, where E.S. frequently spent the night. During that same time period, fifty-three-year-old Reno often worked with E.S.'s grandparents and spent the night at their apartment as well. One night at this apartment during 2009 or 2010 when E.S. was eight or nine years old, Reno and E.S. slept in the same bed. When they awoke the following morning, Reno touched E.S.'s penis both

---

[1] IND. CODE § 35-42-4-3. We note that effective July 1, 2015, this statute was amended and Reno's offense would now be considered a level 3 felony. However, we will apply the version of the statute in effect at the time of the offense.

over and under E.S.'s clothing. At Reno's request, E.S. also touched Reno's penis. The touching stopped when E.S.'s grandparents woke up.

[3] E.S. did not tell anyone what had happened until 2012, when he told his mother and a counselor. Zionsville Police Department Officer Brad Kiefer interviewed Reno, who admitted that he had been in bed with E.S. at the grandparents' apartment. According to Reno, E.S. was sick, and Reno got in bed with E.S. to rub his stomach. When the officer asked Reno if he had touched E.S. inappropriately, Reno responded that he "didn't know, he might have. Big hands, small stomach." (Tr. 206).

[4] In an amended information filed in February 2015, the State charged Reno with Class C felony child molesting. The information alleged that "[b]etween October 1, 2009, and September 30, 2010, Timothy Reno did perform or submit to fondling or touching with [E.S.], a child under the age of fourteen years, with intent to arouse or satisfy the sexual desires of the child or defendant . . . ." (App. 271).

[5] At trial, the State presented evidence of the above facts. Also at trial, the parties stipulated that E.S.'s grandparents lived in a specific Zionsville apartment from October 9, 2009, through September 30, 2010. In addition, E.S.'s father identified Reno in court as "Tim Reno," (Tr. 152), a friend of E.S.'s grandparents who often stayed at their Zionsville apartment. According to E.S.'s father, he had known Reno for several years, and E.S. called Reno "Uncle Timmy." (Tr. 152). E.S.'s mother also identified Reno in court as

"Tim Reno," and testified that she had known him for nineteen years. (Tr. 188). Reno testified that he often stayed at E.S.'s grandparents' apartment in Zionsville and that E.S. called him "Uncle Timmy." (Tr. 237). E.S. testified that "Tim" touched his penis on top of and under his pants while they were sharing the same bed at his grandparents' apartment in Zionsville. (Tr. 161). He further testified that he had never had a stomachache while staying at that apartment.

The jury convicted Reno of Class C felony child molesting, and the trial court sentenced him to four (4) years executed at the Department of Correction. Reno appeals.

## Decision

Reno contends that there is insufficient evidence to support his conviction. Specifically, he argues that the State failed to prove he committed the act as charged, "both as to the timing during which the act was alleged to have occurred, and by failing to have the victim identify Reno during trial." (Reno's Br. 4). Reno also argues that the "State failed to establish beyond a reasonable doubt that any touching of E.S. by Reno was done with the intent to arouse." (Reno's Br. 7). We address each of his contentions in turn.

Our standard of review for sufficiency of the evidence is well-settled. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh the evidence nor judge witness credibility. *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). We consider only the evidence

supporting the judgment and any reasonable inferences that can be drawn from such evidence. *Id.* We will affirm a conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

[9] Reno first argues that the State failed to prove that the prohibited conduct occurred between October 1, 2009, and September 30, 2010, as alleged in the amended charging information. However, our review of the evidence reveals that the parties stipulated that E.S.'s grandparents lived in an apartment in Zionsville from October 9, 2009 until September 30, 2010. The testimony also reveals that Reno touched E.S.'s penis while sleeping in the same bed with E.S. in this particular apartment. Thus, the State proved that the prohibited conduct occurred during the time period alleged in the amended charging information.

[10] We further note that even if the State had not proved that the conduct occurred during the time period alleged in the charging information, there would still be sufficient evidence to support Reno's conviction. The State need only allege the time of the offense as definitely as can be done if time is of the essence of the offense. *See* I.C. § 35–34–1–2(a)(6). It is well-established that where time is not of the essence of the offense, the State is not confined to proving the commission on the date alleged in the charging information but may prove the commission at any time within the statutory period of limitations. *Love v. State,* 761 N.E.2d 806, 809 (Ind. 2002). Time is not of the essence in child molesting cases. *Id.* In such cases, the exact date is only important in limited

circumstances, such as where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies. *Id.*

[11] Here, E.S. was eight or nine years old at the time of the offense. Because E.S.'s age did not fall at or near the fourteen-year-old dividing line for child molesting offenses, time was not of the essence in this case. *See* I.C. § 35-42-4-3. Because time is not of the essence, the State needed only to prove that the offense occurred during the statutory period of limitations. *See Love*, 761 N.E.2d at 809. The statutory period of limitations for a Class C felony is five years. *See* I.C. § 35-41-4-2. The State is correct that E.S.'s testimony was sufficient to establish that the crime occurred during the statute of limitations and that this is sufficient evidence to support his conviction.

[12] Reno next argues that there is insufficient evidence to support his conviction because the State failed "to connect the allegations made by E.S. to the actual Defendant, Reno." (Reno's Br. 5). According to Reno, "[w]hen the victim is not asked to identify the defendant at trial, or even linkup the identity during the course of the victim's testimony, such testimony cannot be sufficient to support a conviction." (Reno's Br. 7).

[13] However, it is well-established that circumstantial evidence alone may be sufficient to sustain a conviction. *Harbert v. State*, No. 06A01-1507-CR-879, 2016 WL 430518, at *5 (Ind. Ct. App. Feb. 4, 2016). When evidence of identity is not entirely conclusive, the weight to be given to the identification

evidence is left to the determination of the jury, as determining identity is a question of fact. *Id.*

[14] Here, our review of the evidence reveals that E.S.'s father identified Reno in court as "Tim Reno," a friend of E.S.'s grandparents. (Tr. 152). According to E.S.'s father, E.S. called Reno "Uncle Timmy." (Tr. 152). E.S.'s mother also identified Reno in court as "Tim Reno." (Tr. 188). Reno testified that he often stayed at E.S.'s grandparents' apartment in Zionsville and that E.S. called him "Uncle Timmy." (Tr. 237). E.S. testified that "Tim" touched his penis on top of and under his pants while they were sharing the same bed at his grandparents' apartment in Zionsville. (Tr. 161). This evidence is sufficient to sustain Reno's conviction.

[15] Lastly, Reno argues that there is insufficient evidence to support his conviction because the State failed to prove his intent to arouse his sexual desires or the sexual desires of E.S. INDIANA CODE § 35-43-4-3(b) provides as follows:

> A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.

The intent element of child molesting may be established by circumstantial evidence and inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points. *Wise v. State*, 763 N.E.2d 472, 475 (Ind. Ct. App. 2002), *trans. denied*. The intent to arouse or satisfy sexual

desires may be inferred from evidence that the accused intentionally touched a child's genitals. *Id.*

[16] Here, Reno intentionally touched E.S.'s penis both over and under his pants when E.S. was nine or ten years old. This evidence is sufficient to prove that Reno intended to arouse or satisfy the sexual desires of either E.S. or Reno.

[17] Affirmed.

Baker, J., and Bradford, J., concur.